## No. 586
### WHITLOCK, exc. v. MATSON
No. 19055. Supreme Court.
On motion to certify. Dock. March 30, 1925, 3 Abs. 214.

1027. RES ADJUDICATA—1. Does former judgment of "not guilty" of concealing assets of testator, when plead in bar in action for recovery on note in favor said testator; preclude judgment in favor of executor of estate, on the note, by the rule of res adjudicata?
2. Does rule apply here?
3. May evidence pertinent to the issue of res adjudicata be heard and passed upon by trial court without intervention of jury?

The case was begun in the Hamilton Probate Court by a filing of an interpleader by Joel C. Clore who admitted owing a note made payable to A. B. Whitlock, deceased, of whose estate Robert Whitlock is Executor. It was set up in the interpleader that both Robert Whitlock and Pansy Matson claimed the ownership of the money due, and thereupon both Whitlock and Matson filed pleadings.

Whitlock alleged that the note had been made payable to the deceased testator, that it had never been endorsed nor title to the fund assigned or otherwise disposed of, and that as executor he was entitled to the money due. Matson alleged that there had been a gift of the note to her by the testator and therefore asked for judgment against Clore, the maker of the note. She set up that in a former suit against her by Whitlock, on a complaint that she had concealed specific articles of personal property and the note referred to. a judgment had been rendered of not guilty.

The former proceeding was begun in the Probate Court and from there removed to the Common Pleas following the demand of Matson for a jury trial. The trial judge instructed a verdict of "not guilty" later set aside and the case dismissed. More than a year later, following a reversal of the dismissal by the Court of Appeals, the same common pleas judge took up the case without the same having been set for trial, and without calling a jury, or hearing evidence entered a judgment of not guilty. The trial regarding the note in the instant case was then heard in the Hamilton Common Pleas without a jury and judgment was rendered in favor of Matson. The judgment was affirmed by the Court of Appeals.

Whitlock brings the case to the Supreme court and declares that the Common Pleas, the matter was res adjudicata.

Whitlock contends that the Common Pleas had no jurisdiction to enter said judgment in said specific proceedings, and that the judgment of "not guilty" in the former case was ab initio void, and no judgment at all.

It is claimed that on proceedings in error of the former case the Court of Appeals starts with the premise that title to the notes could have been tried or determined in an action for concealment of assets; then draws the conclusion that a judgment of "not guilty" of concealment is decisive of right to recover the debt evidenced by the said promissory note, and the judgment of not guilty operates to bar the executor of payee's estate from maintaining a suit to recover the money due from the debtor.

It is claimed that the trial court erred in the instant case by refusing to furnish a jury as requested by Whitlock; said error being based upon reliance upon 11466 GC., requiring a written demand to be filed to obtain a jury

trial. This statute Whitlock claims was held to be invalid and unconstitutional in Insurance Co. v. Michael, 14 CC. (NS) 95, as was a previous similar statute in Silverman v. Hay 59 OS. 582.

Attorneys—Dudley C. Outcalt and Edward H. Jones, for Whitlock; both of Cincinnati.

## No. 587
### TRACY, Aud. v. DEER PARK
No. 19161. Supreme Court.
On motion to certify. Dock. May 21, 1925; 3 Abs. 341.

Note: A fuller statement of this case will be found in the OA. opinion; 3 Abs; 325.

SALARIES—Is 276 GC., as amended in 109 O. L. 98, of uniform operation throughout the State?

The State Bureau of Inspection and Supervision made an examination of the books of the Village of Deer Park in accordance with 274 GC et seq. These statutes were held constitutional in State v. Maharry, 92 OS. 272. Since then, 276 GC., has been amended in respect to the salaries paid to examiners and assistants, the amendment having never been passed upon by the court.

These statutes provide that the cost of the examination is to be borne by the political subdivision the books of which are examined. A bill was rendered for $387.67, to the county treasurer, to be deducted from the share of that village. The state treasurer was paid, but the county treasurer has not yet been reimbursed by the village.

Suit was brought by Deer Park village to enjoin the collection of said sum and the Hamilton Common Pleas held that 276 GC., as amended 109 OL 98, is not of uniform operation throughout the state and is therefore unconstitutional. The Court of Appeals affirmed the judgment of the Common Pleas and to reverse this judgment that the case is taken to the Supreme Court.

It is contended that taking the salaries of county auditor which as a criterion for the fixing of that of state examiners and assistants has been held, in the case of Theobold v. State 10 CC (N. S.) 175. was not uniform operation throughout the state, being based on population.

Also that "a legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body," and that presumption of validity of such legislative enactment cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the constitution." Xenia v. Schmidt; 101 OS 437.

It is claimed that the apparent unreasonableness of the bill for examinations, taking into consideration the size of the village and amount of its finance, lies in the careless and lack of attention of its public officials, and not in the unconstitutionality of the law.

It is also contended that 274 GC and following, does not attempt to classify cities and villages by any different ratio of population than that provided by the constitution.

Attorneys—Charles C. Crabbe, A. H. Wicks, Charles W. Baker Jr., Columbus, Chas. S. Bell, Pros. Atty., Jessie Adler, Asst., Cincinnati, for State; H. H. Hosbrook, Cincinnati, for Village.